IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAWRENCE DARNELL CROWDER,

Plaintiff,

v.

KRISTINA SVEUM, K.S., and K.S.,

Defendants.

OPINION & ORDER

15-cv-784-jdp

---

Plaintiff Lawrence Darnell Crowder, an Eau Claire, Wisconsin, resident, has filed this proposed civil action in which he states that his rights were violated in conjunction with state paternity or child-support proceedings. The court has already concluded that plaintiff may proceed *in forma pauperis* in this case without prepayment of any portion of the $350 filing fee.

The next step is for the court to screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for monetary damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915. In screening any pro se litigant's complaint, I must read the allegations of the complaint generously, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam), and accept plaintiff's allegations as true, *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 463 (7th Cir. 2010).

After reviewing plaintiff's complaint with these principles in mind, I conclude that it must be dismissed for failure to satisfy the pleading standards of Federal Rule of Civil Procedure 8. I will give plaintiff an opportunity to correct this problem.

ALLEGATIONS OF FACT

Plaintiff names "Kristina Sveum mother" as a defendant, and also includes two sets of "K.S." initials in the caption. I am unclear whether plaintiff means to name two minor children with these initials, or whether the initials mean something else. Plaintiff includes a state court case number "1302PA000089" on the caption, as well as "IVD Case #3201638," which I take to mean a child support or paternity case. *See* Wis. Admin. Code § DCF 153.02(1) ("'IV-D' means part D of title IV of the social security act of 1975, the federal law on the child support and establishment of paternity program (42 USC 651 to 669b)."). Plaintiff alleges as follows: "They violated my rights for me not being there. They also violated my right[s by] not giving me a D.N.A. test. The Judge in Dan[]e County violated my right's also to me it was too late to take a D.N.A. test." Dkt. 1, at 2. Plaintiff also states that he is suing for an "unknown" amount of "paid child support," stating, "I want them to give me my money back in full since 2002 thank you!" *Id*. at 4.

ANALYSIS

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint "must be presented with intelligibility sufficient for a court or opposing party to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th Cir. 1994).

Plaintiff's allegations do not adequately explain what he believes defendant Sveum (or the named "K.S." defendants) did to violate his rights. I infer from his allegations and the fact that he includes state-court paternity and child-support case numbers in the caption, that

2

he believes that something went wrong with his state-court proceedings. He seems to be saying that he wants reimbursement for child support that he has paid. But without knowing more about the events at the heart of his complaint, I cannot tell whether he states any claim for relief.

But without knowing exactly what plaintiff is saying defendant Sveum or anyone else did to violate his rights, I will not immediately dismiss the case. Instead, I will dismiss his complaint for violating Rule 8, and give him a chance to file an amended complaint setting out his claims in short and plain statements. He should draft his amended complaint as if he were telling a story to people who know nothing about his situation or the state-court litigation. In particular, plaintiff will need to explain how the people he names as defendants harmed him. Plaintiff alleges that "they" violated his rights, but it is unclear whether he means defendant Sveum, court personnel, or someone else. If plaintiff does not submit an amended complaint by the deadline set forth below, I will dismiss the case for plaintiff's failure to state a claim upon which relief may be granted.

Because there is the possibility that, even after plaintiff amends his complaint, this case will involve only state law claims, I will also ask plaintiff to show whether this court may exercise diversity jurisdiction over his claims. This federal court cannot decide a case involving only state law claims unless the complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332. Based on his current allegations, it seems likely that both plaintiff and defendant are citizens of Wisconsin. If this is not the case, plaintiff should amend his complaint to explain both his and defendant's citizenship. He should also explain much money he seeks as damages in this case. Right now, plaintiff seems to be saying that he is seeking to recover an "unknown"

amount of child support payments he made. Plaintiff will need to explain roughly how much money he seeks to recover in this lawsuit.

ORDER

IT IS ORDERED that:

1.  Plaintiff Lawrence Darnell Crowder's complaint is DISMISSED for failure to comply with Federal Rule of Civil Procedure 8.

2.  Plaintiff may have until July 13, 2016, to submit a proposed amended complaint more clearly detailing his claims as discussed above. If plaintiff submits a proposed amended complaint as required by this order, I will take that complaint under advisement for screening. If plaintiff fails to respond to this order by the deadline, I will dismiss this case for plaintiff's failure to state a claim upon which relief may be granted.

Entered June 22, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

4