IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

LAWRENCE DARNELL CROWDER,

                               Plaintiff,

  v.                                                                ORDER

KRISTINA SVEUM, K.S., and K.S.,                      15-cv-784-jdp

                              Defendants.

---

      Plaintiff Lawrence Darnell Crowder filed this pro se civil action alleging that his rights were violated in connection with state paternity or child-support proceedings. I screened the case and concluded that plaintiff's complaint did not comply with Federal Rule of Civil Procure 8. Dkt. 4. I gave plaintiff an opportunity to amend the complaint to better explain his claims, but I indicated that if plaintiff failed to respond, I would dismiss his case. *Id.*

      Plaintiff did not respond to the order. Instead, on July 5, 2016, the order sent to plaintiff was returned "Moved Left No Address Unable to Forward." Dkt. 5. The clerk of court attempted to contact plaintiff by the phone number he provided in his complaint, but was unable to reach him.

      It is not the obligation of either this court or the clerk's office to search for litigants. Rather, it is the litigant's responsibility to advise the court of any change to his contact information. *See Casimir v. Sunrise Fin., Inc.*, 299 F. App'x 591, 593 (7th Cir. 2008) (affirming the denial of a Rule 60(b) motion where movants claimed they did not receive notice of summary judgment due to a house fire, adding that "all litigants, including pro se litigants, are responsible for maintaining communication with the court"); *see also Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("[A] litigant who invokes the processes of the federal

courts is responsible for maintaining communication with the court during the pendency of his lawsuit."). Plaintiff has failed to provide the court with a current address, and it appears that, as a result, he has not received the June 22, 2016, order. Accordingly, this case will be dismissed without prejudice for plaintiff's failure to prosecute it.

ORDER

IT IS ORDERED that this case is DISMISSED without prejudice for plaintiff's failure to prosecute it. The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered August 5, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge